UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 03 CR 1063 |
| v. ) | |
| ) | Judge Blanche M. Manning |
| THERESA PHILLIPS ) | |
| ) | |

## MEMORANDUM AND ORDER

Defendant Theresa Phillips faces five counts of defrauding the government out of more than $1 million dollars by billing Medicare for services never provided. She has filed ten pre-trial motions, which the court discusses in turn.

**Motion for a Bill of Particulars**

Phillips asks the court to order the government to file a bill of particulars because, she contends, the superseding indictment fails to "*state the species,—descend to the particulars.*" (emphasis hers). The court may order a bill of particulars when the defendant needs more information than what is contained in the indictment in order to (1) enable her to prepare a defense; (2) avoid unfair surprise at trial; and (3) preclude a second prosecution for the same offense. *United States v. Fassnacht*, 332 F.3d 440, 446-47 (7th Cir. 2003); *United States v. Caputo*, 288 F. Supp. 2d 923, 925 (N. D. Ill. 2003). Additional information is necessary only if the indictment fails to set forth the elements of the charged offense. *Fassnacht*, 332 F.3d at 447; *Caputo*, 288 F. Supp. 2d at 925. In determining whether the indictment sufficiently sets forth the elements of the offense, relevant factors include: (1) the complexity of the charged offense; (2) the clarity of the indictment; and (3) the degree of discovery available in the absence of a bill of particulars. *Caputo*, 288 F. Supp. 2d at 925.

The court has reviewed the superseding indictment and, in its discretion, agrees with the defendant that she is due additional information about the charges she faces. Paragraph 11 of the superseding indictment alleges that during the period 1999 through 2003 she "defrauded Medicare out of more than $1,165,000." But later in paragraph 17 while delineating the individual counts she faces, the indictment alleges only five instances during 2002 in which Phillips allegedly received fraudulently-obtained Medicare funds. The amount allegedly bilked as detailed in paragraph 17 totals only $47,947.87, rather than the $1,165,000 alleged in paragraph 11. Adding to the confusion is a spreadsheet the government produced in response to Phillips' request for a bill of particulars. The government contends that the spreadsheet provides Phillips all she needs to know about the five instances in 2002 during which she fraudulently received Medicare check. However, the check numbers of the five checks listed on the spreadsheet do not match the check numbers listed in paragraph 17, even though they are supposed to be the same checks, and even though the dates of the checks match.

Given that the detailed allegations of paragraph 17 are at odds with the more general allegations of paragraph 11, the court grants Phillips' motion for a bill of particulars [69-1]. The government shall provide the bill by February 21, 2006.

**Motion to Strike Surplusage**

Phillips has also moved to strike paragraph 11 of the superseding indictment because it is "not relevant," "inflammatory" and "prejudical." Paragraph 11 reads as follows:

> It was further part of the scheme that defendant Theresa Phillips knowingly accepted payment from Medicare for psychotherapy services which she knew had not been performed. Through the scheme, defendant Theresa Phillips defrauded Medicare out of more than $1,165,000 from approximately December 3, 1999 to March 17, 2003.

The court disagrees with Phillips that the allegations of paragraph 11 are irrelevant. To the contrary, they allege the very acts the government must prove, Phillips' knowing receipt of Medicare payments for services not provided. They also detail the dates of her alleged scheme and the amount allegedly bilked. Defendants are not entitled to have stricken allegations that are material to the government's case. *United States v. Marshal*, 985 F.2d 901, 906 (7th Cir. 1993) ("The language of the indictment can hardly be characterized as immaterial since it delineates with great specificity the numerous charges alleged by the government against each defendant.").

In the court's view, paragraph 11 is not surplusage, and therefore Phillips' motion to strike [77-1] is denied.

**Motion for Production of Evidence**
**Motion for Production of Favorable Evidence**

Phillips has moved for disclosure of all favorable evidence including any exculpatory and impeaching information, and the existence and substance of any promises of immunity, leniency, or preferential treatment. In addition, Phillips has moved for the production of "[a]ll oral and written statements, notes, letters, memoranda or other documents made by any individuals regarding" Phillips. Phillips wants the information thirty days before trial.

In response, the government has acknowledged its continuing obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) to disclose information that may be exculpatory or impeaching and has committed to producing that evidence, along with evidence described in the Jencks Act, *see* 18 U.S.C. § 3500, two weeks before trial. Given that the government is not required to produce such information far in advance of trial, the court believes that the government's offer to do so two weeks in advance of

trial is reasonable. *See United States v. Balogun*, 971 F. Supp. 1215, 1233 (N.D. Ill. 1997) (district court lacks authority to order pretrial disclosure of Jencks Act material).

As far as the documents Phillips requests beyond what is required under *Brady* and *Giglio*, specifically the request for *any* documents regarding Phillips, the request is denied. The government is under no obligation to produce such information. *Id.* at 1236 (a defendant "is not entitled to know all the evidence the government intends to produce") (internal quotation and citation omitted).

Accordingly, Phillips' motion for the disclosure of information that may be exculpatory or impeaching [75-1] is granted, except that the government shall produce it no later than two weeks before trial. Phillips' motion for the disclosure of documents beyond what is required under *Brady* and *Giglio* [74-1] is denied.

**Motion for Preservation and Production of Law Enforcement Notes**

Phillips has moved for the preservation of the notes of law enforcement personnel. The government agrees with Phillips that law enforcement officers' notes should be preserved. In accordance with the parties' agreement, the court grants the part of Phillips' motion requesting preservation of the officers' notes.

Phillips also seeks preservation of "memoranda, resumes, synopses, 'street files', etc." It is not clear to the court what documents beyond officers' notes that Phillips is describing. In its response the government also expressed confusion, which Phillips failed to address in her reply. The court also notes that Phillips has cited no authority entitling her to preservation of the documents described. Therefore, the court declines to grant Phillips' request that officers preserve "memoranda, resumes, synopses, 'streetfiles,' etc."

Phillips also asks that the government produce copies of the officers' notes. When agents have incorporated their notes into an official report, known as a Form 302, a defendant is not entitled to production of the original notes. *See United States v. Muhammad*, 120 F.3d 688, 699 (7th Cir. 1997). Accordingly, the court denies Phillips' request that the government produce officers' notes.

In sum, Phillips' motion for preservation and production of the notes of law enforcement officers [79-1] is granted in part and denied in part as follows: Phillips is entitled to the preservation of officers' notes; the remaining requests are denied.

**Motion for Production of Grand Jury Testimony**

Phillips has moved under Federal Rule of Criminal Procedure 6(e)(3)(E)(i) for the production of testimony before two grand juries—the jury that returned the original indictment in November 2003, and the jury that returned the superseding indictment in June 2004. The government has agreed to produce the grand jury testimony of witnesses who will appear at trial, but Phillips wants the testimony of *every* grand jury witness.

Grand jury testimony is secret, and may be disclosed only to those persons (including criminal defendants) who can show a "particularized need." Fed. R. Crim. P. 6(e)(2); *Douglas Oil Co. v. Petrol Stops NW*, 441 U.S. 211, 222 (1979). In order to establish a particularized need entitling a person to pierce the veil of secrecy shrouding grand jury proceedings, that person must establish that: (1) the materials sought are needed to avoid a possible miscarriage of justice; (2) the need for disclosure is greater than the need for secrecy; and (3) the request is structured to cover only those materials that are absolutely necessary to avoid an injustice. *Id.* at 222.

Phillips describes two particularized needs. First, she contends that she needs to review

the grand jury testimony because the 2003 grand jury indicted her with defrauding Medicare of only $47,000, while the 2004 grand jury indicted her with defrauding Medicare out of more than $1.1 million. Phillips is correct that the indictments are inconsistent: the amount she defrauded that is alleged in the superseding indictment is markedly higher than in the original. But the entire purpose of a superseding indictment is to revise the allegations, and the government is free to seek to conform indictments to newly discovered evidence through the use of superseding indictments. The superseding indictment apprises Phillips of the allegations she now faces, and she has not established why an inconsistent allegation in the outdated indictment could result in a miscarriage of justice. Any confusion over what led the government to revise the amount bilked should be cleared up by the government response to Phillips' request for a bill of particulars.

The second reason Phillips gives for needing to review the grand jury testimony is that because at a forfeiture hearing in 2003 an unidentified witness accused her of defrauding both Medicare *and* Medicaid, yet the superseding indictment in 2004 alleged only that she defrauded Medicare. It is difficult to understand how Phillips may be denied justice if the government tries her for only Medicare fraud even though it had evidence of Medicaid fraud. The government may have had any number of reasons for deciding not to indict Phillips with Medicaid fraud, but whatever the reason Phillips has not set forth how the decision will deny her justice.

Accordingly, Phillips' motion for the production of grand jury testimony [76-1] is denied.

**Motion for *Santiago* Statement**

Phillips has moved for an order requiring the government to produce statements made by her alleged coconspirators. The government has agreed to produce a written *Santiago* proffer, but only two weeks before trial, while Phillips wants the statement 30 days before trial.

The court believes that this case is not so complicated that Phillips needs the *Santiago* proffer more than four weeks before trial. On the other hand, the government has not identified any hardship it would endure by producing the proffer earlier than two weeks before trial.

Accordingly, the court grants Phillips' motion for a *Santiago* proffer [72-1], but orders the government to produce it to Phillips no less than three weeks before trial.

**Motion for List of Witnesses**

Neither the Constitution nor Federal Rule of Criminal Procedure 16 requires the government to provide a defendant in a noncapital case with a list of all prospective witnesses. *United States v. Braxton*, 877 F.2d 556, 560 (7th Cir. 1989). Nevertheless the court may order the government to produce such a list if the defendant identifies a particularized need. *United States v. Patel*, No. 01 CR 716, 2002 WL 1750948, at *2 (N.D. Ill. July 26, 2002).

Phillips offers several reasons for needing the government's list of witnesses, including so that she can interview them, stipulate to facts before trial, and raise questions about the admissibility of evidence. Not only are these reasons too generalized, but she will be able to do these things upon receiving the material covered by the Jencks Act, which the government commits to producing two weeks before trial. *See* 18 U.S.C. § 3500(b).

Other than generalized needs, Phillips has offered no particularized need for a list of the government's witnesses, so her motion for a list of witnesses [71-1] is denied.

**Motion for Notice of Intention to Use 404(b) Evidence**

Phillips also seeks notice of the government's intention to use other crimes, wrong, or acts evidence. Federal Rule of Evidence 404(b) prohibits the use of evidence of other crimes, wrong or acts to prove character, although it can be used for other relevant reasons such as proof

of motive, opportunity, preparation, or identity.  *United States v. Smith*, 103 F.3d 600, 602 (7th Cir. 1996).  However, before using 404(b) evidence, the government must first provide the defendant with reasonable advance notice.  Fed. R. Evid. 404(b).

The government has acknowledged its responsibility under Fed. R. Evid. 404(b) and it appears the parties differ only on the date by which the government should make its disclosure—the government commits to disclosing the information two weeks before trial, while Phillips wants the information now.  The rule requires only reasonable notice, and the court believes that requiring the government to disclose the information now—3½ months before trial—would be unreasonable.  The court believes that a more reasonable requirement is that the government disclose the information three weeks before trial, the same date by which the government will provide Phillips with its *Santiago* proffer.

Accordingly, Phillips' motion for notice of the government's intention to use evidence of other crimes, wrongs and acts [73-1] is granted, except that the government must provide notice no later than three weeks before trial.

**Motion for Disclosure of Informants**

Phillips requests disclosure of "any informers relied on by the government for any purpose" in her case.  Defendants are entitled to know the identities of government informants only if disclosure is "essential" to a fair trial, and outweighs the public's interest in preserving the informant's anonymity and encouraging citizens to report crimes.  *United States v. Jefferson*, 252 F.3d 937, 940-42 (7th Cir. 2001).

Phillips asserts only generalized reasons for needing the identity of informants, claiming, for example, that the information "could give us a theory of defense."  Such bald assertions do

not establish a genuine need for the information requested. *See United States v. Bender*, 5 F.3d 267, 271 (7th Cir. 1993). Because Phillips has failed to establish a genuine need for the information, or that disclosure is essential to preserve her right to a fair trial, her motion for the disclosure of informants [70-1] is denied.

**Conclusion**

Accordingly, the court denies motions [70-1], [71-1], [74-1], [76-1], and [77-1]. The court grants motion [69-1] and directs the government to provide a bill of particulars by February 21, 2006; grants motion [75-1] except that the government need not disclose exculpatory or impeaching information until two weeks before trial; grants motion [79-1] except that the government need not produce officers' notes or any of the other requested information; and grants motions [72-1] and [73-1] except that the government shall produce its *Santiago* proffer or notify Phillips of its intent to use 404(b) evidence no later than three weeks before trial.

ENTER:

DATE: February 7, 2006

Blanche M. Manning
United States District Judge